RECEIVED
USDC WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 3/9/09
BY DM

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

UNITED STATES

versus

HECTOR BARRAGAN-ESPINO

CRIMINAL NO. 08-0121
JUDGE TOM STAGG

## MEMORANDUM ORDER

Before the court is a motion in limine filed by the defendant, Hector Barragan-Espino ("Barragan-Espino"). See Record Document 68. In his motion, Barragan-Espino asks the court to exclude the testimony of Carl Townley, a sergeant with the Caddo-Shreveport Narcotic Unit. The government responded with a memorandum in opposition to the motion in limine. See Record Document 75. For the reasons stated below, Barragan-Espino's motion in limine is **DENIED**.

In its "Notice Pursuant to Rule 16(a)(1)(G)," the government stated that it intends to call Sergeant Townley to testify as an expert in drug trafficking investigations. See Record Document 66. According to the government, Sergeant Townley will "testify that the facts of this case, including the quantity of the methamphetamine discovered in the defendant's car, the purity of said

1

methamphetamine, the packaging of the drugs, and the compartment within which the drugs were concealed, are all consistent with and indicative of interstate drug trafficking." Id. Barragan-Espino opposes the introduction of this testimony, arguing that "it is patently offered as 'substantive evidence' of Mr. Barragan-Espino's guilty state of mind in clear violation of Federal Rule of Evidence 704(b)." Record Document 68 at 2.

The admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence. It states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. However, "[n]o expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto." Fed. R. Evid. 704(b).

According to the Fifth Circuit, "[t]he rule is well-established that an

experienced narcotics agent may testify about the significance of certain conduct or methods of operation unique to the drug distribution business, as such testimony often is helpful in assisting the trier of fact [to] understand the evidence." United States v. Washington, 44 F.3d 1271, 1283 (5th Cir. 1995). This type of expert testimony has become almost routine in drug cases where interpretation of the defendant's actions would be helpful to the jury. See United States v. Cuellar, 478 F.3d 282, 293 (5th Cir. 2007) (rev'd on other grounds). Accordingly, Sergeant Townley may testify regarding the "drug trafficking activities;" his testimony will assist the trier of fact in understanding the evidence and in determining issues of fact.

The scope of Sergeant Townley's testimony is not unlimited. As mentioned above, he may not state an opinion or inference as to Barragan-Espino's mental state of mind. In Cuellar, the government asked the expert witness: "Does a drug smuggler give his marijuana or his money to be transported to someone who doesn't know what they are transporting?" Id. at 294. The witness responded: "Not in my experience. The people who are driving money or who are driving dope know that they are transporting either dope or money, something of value. . . ." Id. Such testimony violated Rule 704(b) and was held to be obvious error by the Fifth Circuit. In this example, the testimony "crosse[d] the borderline . . . between a mere

3

explanation of the expert's analysis of the facts and a forbidden opinion on the ultimate legal issue in the case." United States v. Gutierrez-Farias, 294 F.3d 657 (5th Cir. 2002). The government and Sergeant Townley must not cross this boundary.

Barragan-Espino also argues that under Rule 403, the probative value of Sergeant Townley's testimony is substantially outweighed by the danger of unfair prejudice. In the alternative, he argues that it is irrelevant under Rule 401. As the Fifth Circuit has noted, "[v]irtually all evidence is prejudicial; otherwise it would not be material. The prejudice must be 'unfair.'" Brazos River Auth. v. GE Ionics, Inc., 469 F.3d 416, 427 (5th Cir. 2006). Here, the prejudicial effect of Sergeant Townley's testimony does not rise to the level necessary for its exclusion. It is also relevant to the jury's understanding of the facts surrounding the incident.

Based on the foregoing, Barragan-Espino's motion in limine (Record Document 68) is **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 9th day of March, 2009.

JUDGE TOM STAGG