UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

UNITED STATES OF AMERICA                    CRIMINAL NO. 08-121

VERSUS                                      JUDGE ELIZABETH ERNY FOOTE

HECTOR BARRAGAN-ESPINO                      MAGISTRATE JUDGE HORNSBY

---

## ORDER

Before the Court is a motion filed by Defendant, Hector Barragan-Espino, in which he asks the Court to clarify its intent that his federal sentence run concurrently with his state sentence, and amend his sentence so that the original intent can be maintained. Record Document 145. He claims that the Bureau of Prisons is not giving him credit for the time he served in state custody despite the fact that it was the intent of both the state court and this Court that his sentences run concurrently. He has raised this issue before, and this Court issued an order clarifying that "it was the intent, and now is the recommendation, of this court that those sentences run **concurrently**." Record Documents 127 & 128.

If it is true that the Bureau of Prisons has failed to recognize the intent of this Court that Defendant's sentence run concurrently with his state court sentence, such a predicament is unfortunate. However, the Fifth Circuit has instructed that if a prisoner feels that he has been improperly refused credit for time served in state custody, he must first exhaust his administrative remedies before pursuing judicial review of his sentence computations. United States v. Setser, 607 F.3d 128, 133 (5th Cir. 2010), aff'd, 566 U.S.

231, 132 S. Ct. 1463, 182 L. Ed. 2d 455 (2012) (quoting United States v. Dowling, 962 F.2d 390, 393 (5th Cir. 1992)). Here, Defendant states that he has filed an administrative remedy and "followed the process through to Central Office (BP-231)," but it is not clear that Defendant has exhausted his administrative remedies. He attaches no relevant documentation and makes no such affirmation. Accordingly, the Court feels that it is without authority to consider Defendant's complaint at this time.

Defendant claims to bring his motion under Federal Rule of Criminal Procedure 36, or, alternatively, asks this Court to construe his motion as a petition under 28 U.S.C. § 2241. The Court would note that "a section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). Defendant is incarcerated in Beaumont, Texas, which is in the Eastern District of Texas. Thus, to the extent Defendant intends to seek relief under § 2241, this Court would be without jurisdiction to consider it. See Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999).

For the foregoing reasons, Defendant's motion [Record Document 145] is **DENIED**.

**THUS DONE AND SIGNED** this 31st day of January, 2018 in Shreveport, Louisiana.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE