# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 08-0121 |
| VERSUS | JUDGE DONALD E. WALTER |
| HECTOR BARRAGAN-ESPINO | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is a motion for compassionate release filed pro se by the defendant, Hector Barragan-Espino ("Barragan-Espino"). See Record Document 164. The Federal Public Defender's Office notified the Court that its office would not be enrolling on behalf of Barragan-Espino. The Government opposes Barragan-Espino's motion. See Record Document 171. Based on the following, the motion for release is **DENIED**.

Barragan-Espino was charged in a two-count indictment with possession with intent to distribute 500 grams or more of methamphetamine and illegal reentry following deportation. See Record Document 6. Barragan-Espino eventually pled guilty to illegal reentry and no contest to possession with intent to distribute. On July 8, 2009, then-presiding Judge Tom Stagg sentenced Barragan-Espino to 300 months of imprisonment. Barragan-Espino is currently housed at CI Giles W. Dalby and he has a projected release date of January 11, 2030.

On May 6, 2021, Barragan-Espino filed an "Emergency Motion For Compassionate Release And Reduction Of Sentence To Time-Served With Home-Confinement….," seeking compassionate release or, in the alternative, release to home confinement based on his assertion that his diabetes, hypertension and obesity make him particularly susceptible to becoming seriously ill if he contracted COVID-19. Record Document 164. Barragan-Espino exhausted his

administrative remedies[1] by filing an initial request with the Warden of his facility on March 25, 2021, which was denied by the Warden on April 7, 2021. See Record Document 164 at 2, Ex. A.

The Government maintains that Barragan-Espino's motion fails on the merits. See Record Document 171. The Government first contends that Barragan-Espino has not established an "extraordinary and compelling reason" for release as the term is defined in Section 3582(c)(1)(A). Although Barragan-Espino asserts that he is entitled to compassionate release based on his conditions of diabetes[2], hypertension[3], and obesity[4], his medical records reveal that he has received one dose of the COVID-19 vaccine.[5] The Government further contends that the factors

---

[1] See 18 U.S.C. § 3582(c)(1)(A) (Under this section, the Court has the authority to reduce a defendant's sentence "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal . . . or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility. . . .").

[2] Barragan-Espino has alleged that he has diabetes, which is a confirmed COVID-19 risk factor recognized by the Centers for Disease Control ("CDC") ("Adults of any age with the following conditions **are at an increased risk** of severe illness from the virus that causes COVID-19: . . . Type 2 diabetes mellitus" https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html).

[3] The CDC lists hypertension under the category of "adults of any age with the following conditions **might be at an increased risk** for severe illness from the virus that causes COVID-19." https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. However, the Fifth Circuit noted in United States v. Thompson, 984 F.3d 431, 434 (5th Cir. 2021), that hypertension did not "make Thompson's case 'extraordinary.'" The Thompson court noted the unfortunate reality that the condition is "commonplace." Id.

[4] Obesity is a COVID-19 confirmed risk factor recognized by the CDC. ("Adults of any age with the following conditions **are at an increased risk** of severe illness from the virus that causes COVID-19: . . . Obesity (body mass index [BMI] of 30Kg/m or higher but < 40kg/m)"). https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html).

[5] The Court can only hope that Barragan-Espino has since received the second dose of the vaccine. However, even if he chose to refuse the dose, it would not alter the ultimate result, as courts have denied compassionate release where the inmate refused the COVID-19 vaccine. See United States v. King, No. 16-478-11, 2021 WL 736422, at *2 (S.D.N.Y. Feb. 24, 2021) ("In declining vaccination[, Defendant] declined the opportunity to reduce his risk [of] exposure to COVID-19 dramatically; he cannot reasonably expect that prolonging his risk by declining vaccination will be rewarded with a sentence reduction.") (quoting United States v. Lohmeier, No. 12-1005, 2021

contained in 18 U.S.C. § 3553(a) weigh against Barragan-Espino's release.  See Record Document 171.

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S. Ct. 2683, 2690 (2010).  Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except:  (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).  Section 3852(c)(1)(A)(i) provides that a court may reduce a prisoner's sentence after administrative remedies have been exhausted "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

The Sentencing Commission addressed in a policy statement what qualifies as "extraordinary and compelling reasons" to release a defendant from Bureau of Prisons ("BOP") custody.  See U.S.S.G. § 1B1.13.[6]  However, the Fifth Circuit Court of Appeals recently held that

---

WL 3657733, at *2 (N.D. Ill. Feb. 3, 2021)); United States v. McBride, No. 19-7, 2021 WL 354129 (W.D. N.C. Feb. 2, 2021) ("Defendant's refusal to take preventative measures undermines his assertion that extraordinary and compelling reasons exist to warrant his release from prison.").

[6] The Sentencing Commission's policy statement regarding compassionate release provides, in pertinent part, that the court may reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons. . . " if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court determines that--

> (1) (A) Extraordinary and compelling reasons warrant the reduction; . . .
>
> (2)  The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3)  The reduction is consistent with this policy statement.

this policy statement does not bind a district court in considering a motion filed by a defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), as opposed to a motion filed by the Director of the Bureau of Prisons. See United States v. Shkambi, 993 F.3d 388, 2021 WL 1291609, at *4 (5th Cir. Apr. 7, 2021). The Shkambi court concluded that "[t]he district court . . . is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id. The defendant bears the burden to establish circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See United States v. Ennis, No. 02-1430, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing United States v. Stowe, No. 11-803, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019)); United States v. Wright, No. 16-214, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

       The BOP is in the process of administering the COVID-19 vaccine to inmates and staff. To date, the BOP has administered approximately 195,504 doses of the vaccine. See www.bop.gov/coronavirus (last updated 6/21/21). In fact, medical records reveal that Barragan-Espino received a dose of the COVID-19 vaccine on April 8, 2021. See Record Document 172. In the Fifth Circuit, courts have denied early release to inmates with a variety of medical conditions who, like Barragan-Espino, have been vaccinated for COVID-19. See United States v. Parham, No. 19-133, 2021 WL 1911899, at *2 (S.D. Miss. May 12, 2021); United States v. Schad, 17-225-3, 2021 WL 1845548, at *4 (S.D. Tex. May 5, 2021); United States v. Leavell, No. 07-202, 2021

---

U.S.S.G. § 1B1.13. The application notes to this statement then delineate examples of extraordinary and compelling reasons pursuant to this section.

WL 1517912, at *3 (E.D. La. April 16, 2021); United States v. Moore, No. 7-60, 2021 WL 2325014, at *3 (M.D. La. June 7, 2021). In light of this, Barragan-Espino has failed to establish that extraordinary and compelling reasons exist to release him from prison.

The Court has also looked at the presence of COVID-19 at CI Giles W. Dalby. There are zero inmates who are currently testing positive out of 1,770 total inmates.[7] http://www.bop.gov/coronavirus (last updated 6/21/2021). Courts have held that "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). See, e.g., United States v. Clark, 451 F.Supp.3d 651, 657 (M.D. La. Apr. 1, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence. . . .") (quoting United States v. Eberhart, 448 F.Supp.3d 1086 (N.D. Cal. Mar. 25, 2020). Barragan-Espino has not shown that inmates are currently not receiving adequate medical attention if they contract the virus. Additionally, Barragan-Espino has not shown that the BOP is unable to adequately manage the COVID situation. This Court cannot equate the generalized fear of COVID-19 to an extraordinary and compelling reason to support compassionate release, nor will it undermine BOP's criteria to determine eligibility for sentence reductions or home confinement.[8] Considering that Barragan-

---

[7] Three inmates have died from the virus. However, there are 97 inmates who have recovered from the virus. www.bop.gov/coronavirus (last updated 6/21/21).

[8] In the alternative, it appears that Barragan-Espino also requested release to home confinement. However, this request is also **DENIED**, as the decision on whether to release an inmate to home confinement is within the exclusive purview of the Bureau of Prisons. See 18 U.S.C. § 3621(b); United States v. Read-Forbes, 454 F.Supp.3d 1113, 1118 (D. Kan. Apr. 16, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."); United States v. Rodriguez, No. 15-198, 2020 WL 5369400, at *3 (E.D. La. Sept. 8, 2020).

Espino has received a COVID vaccination and the low number of cases at CI Giles W. Dalby, he has failed to establish the existence of sufficient reasons based on his medical conditions or the COVID-19 pandemic that would constitute extraordinary and compelling reasons to warrant relief. Therefore, the Court finds that Barragan-Espino has not met his burden.

Even assuming that Barragan-Espino had identified extraordinary and compelling reasons, he is still not entitled to relief under the factors contained in 18 U.S.C. § 3582 and the sentencing factors set forth in 18 U.S.C. § 3553(a). Section 3553(a), which sets forth the factors to consider in imposing sentence, requires the Court to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentencing imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; and (C) to protect the public from further crimes of the defendant. See 18 U.S.C. § 3553(a).

Barragan-Espino has not demonstrated that he qualifies for compassionate release under these guidelines. First, as previously mentioned, Barragan-Espino was sentenced in this Court for possession with intent to distribute 500 grams or more of methamphetamine and illegal reentry following deportation. During the traffic stop which led to these charges, officers located 8 kilograms of methamphetamine hidden inside compartments of the car. In addition, these convictions followed a prior conviction for aiding and abetting the illegal entry of aliens. Notably, Barragan-Espino also escaped from a Federal Prison Camp after being arrested by the United States Border Patrol. He has served only approximately half of his current sentence. In light of these, and other facts, to reduce Barragan-Espino's sentence would not reflect the seriousness of the offense, promote respect for the law or afford an adequate deterrence to criminal conduct. Accordingly, the Section 3553(a) factors weigh against reducing Barragan-Espino's sentence.

The Court shares Barragan-Espino's concerns about the effect of COVID-19 in the prison setting. However, those concerns are not being ignored by the BOP or this Court. The BOP is taking action to address COVID-19 concerns in its facilities. Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, "expand[s] the cohort of inmates who can be considered for home release." The BOP is currently reviewing prisoners to determine if temporary release to home confinement or some other type of release, removal, or furlough is appropriate, under the standards issued by the CDC for persons at heightened risk. The BOP currently has 7,181 inmates on home confinement and the total number of inmates placed in home confinement from March 26, 2020 to the present (including inmates who have completed service of their sentence) is 27,049. https://www.bop.gov/coronavirus/ (last updated 6/21/2021).

For the foregoing reasons, **IT IS ORDERED** that Barragan-Espino's motion is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 22nd day of June, 2021.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE