UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 08-0121

VERSUS                                      JUDGE DONALD E. WALTER

HECTOR BARRAGAN-ESPINO                      MAGISTRATE JUDGE HORNSBY

### MEMORANDUM ORDER

Before the Court is a second motion for compassionate release filed pro se by the defendant, Hector Barragan-Espino ("Barragan-Espino"). See Record Document 177. The Government opposes Barragan-Espino's motion and Barragan-Espino filed a reply. See Record Documents 178 and 180. Based on the following, the motion for compassionate release is **DENIED**.

Barragan-Espino was charged in a two-count indictment with possession with intent to distribute 500 grams or more of methamphetamine and illegal reentry following deportation. See Record Document 6. Barragan-Espino eventually pled guilty to illegal reentry and no contest to possession with intent to distribute. On July 8, 2009, then-presiding Judge Tom Stagg sentenced Barragan-Espino to 300 months of imprisonment.

On May 6, 2021, Barragan-Espino filed an "Emergency Motion For Compassionate Release And Reduction Of Sentence To Time-Served With Home-Confinement….," seeking compassionate release or, in the alternative, release to home confinement based on his assertion that his diabetes, hypertension and obesity made him particularly susceptible to becoming seriously ill if he contracted COVID-19. Record Document 164. On June 22, 2021, this Court concluded that Barragan-Espino had failed to establish that extraordinary and compelling reasons existed to release him from prison and that he was not entitled to relief under the factors contained in 18 U.S.C. § 3582 and the sentencing factors set forth in 18 U.S.C. § 3553(a) and, thus, denied his motion. See Record Document 173.

Barragan-Espino asserts that he currently articulates a valid basis for compassionate release based on his arguments that he has extraordinary and compelling reasons supporting release. However, those alleged reasons are substantive challenges to his sentence. Barragan-Espino requests a reduction in his sentence, arguing that the Court "rendered [] an incorrect guideline sentence, because of its failure to determinate a correct drug quantity attributed to Petitioner, thereby, issuing an UNJUST and EXCESSIVE sentence." Record Document 177 at 5 (emphasis in original). He also argues that his indictment failed to state a specific drug quantity. See id. at 6.

The Fifth Circuit has made clear that 18 U.S.C. § 3582(c)(1) provides an avenue for relief only when a prisoner faces "some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner." United States v. Escajeda, 58 F.4th 184, 186 (5th Cir. 2023) (citing United States v. Chambliss, 948 F.3d 691, 693 (5th Cir. 2020)). "In Chapter 153 of Title 28, Congress provided specific avenues for post-conviction relief that permit prisoners to challenge the legality of their confinement in federal court." Escajeda, 58 F.4th at 186 (citing 28 U.S.C. §§ 2241, 2244, 2254, 2255). Similar to the claims made by the petitioner in Escajeda, Barragan-Espino's claims are the province of a direct appeal or a Section 2255 motion and not a compassionate release motion. As the Fifth Circuit held in Escajeda, "a prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence." Id. at 187.

For the foregoing reasons, **IT IS ORDERED** that Barragan-Espino's current motion for compassionate release is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 21st day of August, 2023.

*[signature: Donald E. Walter]*
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

2