UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 08-0121 |
| VERSUS | JUDGE DONALD E. WALTER |
| HECTOR BARRAGAN-ESPINO | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a third motion for compassionate release filed pro se by the defendant, Hector Barragan-Espino ("Barragan-Espino"). See Record Document 194.[1] The Government opposes Barragan-Espino's motion. See Record Document 201. Based on the following, the motion for compassionate release is again **DENIED**.

Barragan-Espino was charged in a two-count indictment with possession with intent to distribute 500 grams or more of methamphetamine and illegal reentry following deportation. See Record Document 6. Barragan-Espino eventually pled guilty to illegal reentry and no contest to possession with intent to distribute. See Record Document 81. On July 8, 2009, then-presiding Judge Tom Stagg sentenced Barragan-Espino to 300 months of imprisonment. See Record Document 91.

On May 6, 2021, Barragan-Espino filed an "Emergency Motion For Compassionate Release And Reduction Of Sentence To Time-Served With Home-Confinement. . . .," seeking compassionate release or, in the alternative, release to home confinement based on his assertion

---

[1] The docket reflects the motion as a "Motion To Reduce Sentence – USSC Amendment 821 (First Step Act)", which was denied by this Court on October 25, 2024. See Record Document 202. However, as aptly noted by the Government, the substance of Barragan-Espino's motion reveals he is actually requesting compassionate release based on extraordinary and compelling reasons. See Record Documents 194 and 201. Therefore, in an abundance of caution, this Court will also address the motion for compassionate release.

that his diabetes, hypertension and obesity made him particularly susceptible to becoming seriously ill if he contracted COVID-19. Record Document 164. On June 22, 2021, this Court concluded that Barragan-Espino failed to establish that extraordinary and compelling reasons existed to release him from prison and that he was not entitled to relief under the factors contained in 18 U.S.C. § 3582 and the sentencing factors set forth in 18 U.S.C. § 3553(a) and, thus, denied his motion. See Record Document 173.

Thereafter, Barragan-Espino filed a second motion for compassionate release, asserting that extraordinary and compelling reasons supported his release.[2] See Record Document 177. However, this Court concluded that Barragan-Espino's alleged extraordinary and compelling reasons were, in reality, substantive challenges to his sentence, and denied the motion, as such arguments are barred in Section 3582(c) motions. See Record Document 181. Barragan-Espino has now filed another motion presenting a substantive challenge to his sentence, despite his title of "Motion Pursuant To The First Step Act (2018)." Record Document 194. He allegedly seeks relief pursuant to amendments to United States Sentencing Guideline Section 1B1.13(b)(6), addressing an "[u]nusually long sentence." U.S.S.G. § 1B1.13(b)(6).[3] Unfortunately for

---

[2] Barragan-Espino requested a reduction in his sentence, arguing that the Court "rendered [] an incorrect guideline sentence, because of its failure to determinate a correct drug quantity attributed to Petitioner, thereby, issuing an UNJUST and EXCESSIVE sentence." Record Document 177 at 5 (emphasis in original). He also argued that his indictment failed to state a specific drug quantity. See id. at 6.

[3] This provision provides:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

Barragan-Espino, he bolsters this argument by contending that "the District Court issued [Barragan-]Espino an incorrect statutory penalty, because of its failure to show a correct drug quantity attributed to him. . . ." Record Document 194 at 4-5. These are the substantive challenges to his sentence that are again fatal to his claim for compassionate release.

This Court notes once more that the Fifth Circuit has made clear that 18 U.S.C. § 3582(c)(1) provides an avenue for relief only when a prisoner faces "some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner." United States v. Escajeda, 58 F.4th 184, 186 (5th Cir. 2023) (citing United States v. Chambliss, 948 F.3d 691, 693 (5th Cir. 2020)). "In Chapter 153 of Title 28, Congress provided specific avenues for post-conviction relief that permit prisoners to challenge the legality of their confinement in federal court." Escajeda, 58 F.4th at 186 (citing 28 U.S.C. §§ 2241, 2244, 2254, 2255). In the instant motion, Barragan-Espino's claims are the province of a direct appeal or a Section 2255 motion and not a compassionate release motion. As the Fifth Circuit held in Escajeda, "a prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence."[4] Id. at 187.

For the foregoing reasons, **IT IS ORDERED** that Barragan-Espino's current motion for compassionate release is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 6th day of November, 2024.

_____<br>
DONALD E. WALTER<br>
UNITED STATES DISTRICT JUDGE

---

[4]Even had this Court reached the merits of Barragan-Espino's Section 1B1.13(b)(6) argument, it nevertheless would have been denied. Although he received a sentence of 300 months and has served at least 10 years of that sentence, his motion would fail because there has not been a change in the law that benefits or improves his sentence, nor has there been a change in the law that would "produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6). His guideline range would remain the same as it was at the time of sentencing.