**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 08-0121

VERSUS                                      JUDGE DONALD E. WALTER

HECTOR BARRAGAN-ESPINO                       MAGISTRATE JUDGE HORNSBY

## <u>MEMORANDUM ORDER</u>

Before the Court is a fourth motion for compassionate release filed pro se by the defendant, Hector Barragan-Espino ("Barragan-Espino"), citing allegedly extraordinary and compelling reasons pursuant to United States Sentencing Guideline 1B1.13. <u>See</u> Record Document 205. The Government opposes Barragan-Espino's motion and Barragan-Espino filed a reply. <u>See</u> Record Documents 209 and 210. Based on the following, the motion for compassionate release is again **DENIED**.

Barragan-Espino was charged in a two-count indictment with possession with intent to distribute 500 grams or more of methamphetamine and illegal reentry following deportation. <u>See</u> Record Document 6. Barragan-Espino eventually pled guilty to illegal reentry and no contest to possession with intent to distribute. <u>See</u> Record Document 81. On July 8, 2009, then-presiding Judge Tom Stagg sentenced Barragan-Espino to 300 months of imprisonment. <u>See</u> Record Document 91.

On May 6, 2021, Barragan-Espino filed an "Emergency Motion For Compassionate Release And Reduction Of Sentence To Time-Served With Home-Confinement. . . .," seeking compassionate release or, in the alternative, release to home confinement based on his assertion that his diabetes, hypertension, and obesity made him particularly susceptible to becoming seriously ill if he contracted COVID-19. Record Document 164. On June 22, 2021, this Court

concluded that Barragan-Espino failed to establish that extraordinary and compelling reasons existed to release him from prison and that he was not entitled to relief under the factors contained in 18 U.S.C. § 3582 and the sentencing factors set forth in 18 U.S.C. § 3553(a) and, thus, denied his motion.  See Record Document 173.

Thereafter, Barragan-Espino filed a second motion for compassionate release, asserting that extraordinary and compelling reasons supported his release.  See Record Document 177. However, this Court concluded that Barragan-Espino's alleged extraordinary and compelling reasons were, in reality, substantive challenges to his sentence, and denied the motion, as such arguments are barred in Section 3582(c) motions.  See Record Document 181.

Barragan-Espino then filed another motion presenting a substantive challenge to his sentence, despite his title of "Motion Pursuant To The First Step Act (2018)."  Record Document 194.  He sought relief pursuant to amendments to United States Sentencing Guideline Section 1B1.13(b)(6), addressing an "[u]nusually long sentence."  U.S.S.G. § 1B1.13(b)(6). He further argued that "the District Court issued [Barragan-]Espino an incorrect statutory penalty, because of its failure to show a correct drug quantity attributed to him. . . ."  Record Document 194 at 4-5. These substantive challenges to his sentence were again fatal to his claim for compassionate release because such claims were the province of a direct appeal or a Section 2255 motion and not a compassionate release motion.  Thus, the Court denied the motion.

Barragan-Espino has now filed the instant motion, arguing that he is entitled to compassionate release and relying upon United States Sentencing Guidelines Sections 1B1.13(b)(1) (Medical Circumstances), 1B1.13(b)(2) (Age), 1B1.13(b)(3) (Family Circumstances); 1B1.13(b)(5) (Other Reasons).  See Record Document 205 at 6.  He asserts that his current petition "is based upon medical care that is not being provided and age-related issues." Id.

## I.   Exhaustion of Remedies.

A court may consider compassionate release motions directly from prisoners. See 18 U.S.C. § 3852(c)(l)(A). But before a prisoner pursues compassionate release through a district court, he must first exhaust all administrative remedies or wait for a lapse of thirty days from the time he files his request with the warden.  See id.

In Barragan-Espino's letter to the Warden, he requested compassionate release citing his medical conditions (heart disease, hypertension, hyperlipidemia, and diabetes), age, family circumstances (93-year-old mother who requires a caretaker) and "other reasons" (including sentence disparity and harsh conditions of confinement).  See Record Document 205-4 at 3.  These claims meet the exhaustion requirement because Barragan-Espino filed his motion for compassionate release thirty days after his request.  However, Barragan-Espino failed to request relief based on obesity, prison conditions, rehabilitation, and lack of a disciplinary record in prison, and those claims are not administratively exhausted.  See id

If the Court denied Barragan-Espino's compassionate release motion for failure to exhaust his administrative remedies, he would simply need to refile his request with the Warden to exhaust on those grounds. Therefore, in the interests of justice and judicial efficiency, the Court shall assume *arguendo* that Barragan-Espino exhausted his administrative remedies and will consider the merits of his arguments.

## II.    Extraordinary And Compelling Circumstances.

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S. Ct. 2683, 2690 (2010).  Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except:  (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by

3

Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).  Section 3852(c)(1)(A)(i) provides that a court may reduce a prisoner's sentence after administrative remedies have been exhausted "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

"A defendant moving for compassionate release must establish both extraordinary and compelling circumstances and that the release is consistent with the [Section] 3553(a) factors." United States v. Santana-Cerano, No. 24-20294, 2025 WL 817589, at *1 (5th Cir. Mar. 14, 2025). "A district court may grant a motion for compassionate release under [Section] 3582(c)(1) only if it finds, *inter alia*, that 'extraordinary and compelling reasons warrant such a reduction.'" United States v. Austin, 125 F.4th 688, 691 (5th Cir. 2025) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).  The Fifth Circuit has found "'extraordinary' to mean 'beyond or out of the common order,' 'remarkable,' and synonymous with 'singular.'" United States v. Escajeda, 58 F.4th 184, 186 (5th Cir. 2023) (citations omitted).  "'Compelling' . . . means 'to drive or urge with force, or irresistibly,' 'to force,' and 'to subjugate.'" Id. (citations omitted).  The terms "extraordinary" and "compelling" "explain why prisoners can seek relief under [Section] 3582(c)(1) only when they face some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner." Id. (citations omitted).

"Although not dispositive, the commentary to the [Sentencing Guidelines] informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." United States v. Batiste, No. 23-30582, 2024 WL 620373, at *2 (5th Cir. Feb. 14, 2024).  On November 1, 2023, the United States Sentencing Commission amended the Guidelines to provide additional instruction regarding compassionate release.  With that

4

amendment, the Sentencing Commission detailed specific reasons that could be considered "extraordinary and compelling" under 18 U.S.C. § 3582(c)(1)(A)(i), including (1) medical circumstances, (2) age, (3) family circumstances, (4) whether the defendant has been a victim of abuse during custody, (5) other reasons, and (6) an unusually long sentence. See U.S.S.G. § 1B1.13(b). The defendant bears the burden to establish circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See Batiste, No. 23-30582, 2024 WL 620373, at *4 ("[A]n inmate seeking a sentence reduction bears the burden of 'convinc[ing] the district judge to exercise discretion to grant the motion after considering the [Section] 3553(a) factors.'" (quoting United States v. Shkambi, 993 F.3d 388, 392 (5th Cir. 2021)).

### A.    Section 1B1.13(b)(1)(c)—Medical Circumstances.

An extraordinary and compelling reason for compassionate release exists under Section 1B1.13(b)(1)(C) when a defendant is "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C). Barragan-Espino contends that he suffers from heart disease, hypertension, diabetes, hyperlipidemia (high cholesterol), and obesity. The Court acknowledges that these are serious medical conditions.

Barragan-Espino admits that the BOP offered him a pacemaker, but he refused it because he wanted surgery to "fix the blockage." Record Document 205-1 at 5. It is within Barragan-Espino's "right to decline surgery offered by the BOP; however, this does not mean that specialized medical care is not being provided. The sentencing guideline does not require that defendant be provided long-term or specialized medical care of [his] own choosing." United States v. Hamilton, No. 17-418, 2024 WL 4052336, at *5 (5th Cir. Aug. 19, 2024). See also United States v. Purpera, No. 18-19, 2024 WL 329541, at *3 (W.D. Va. Jan. 29, 2024) ("Just because the treatment [the

inmate] would receive outside the BOP may be "better" or "more consistent" does not mean that continuing medical care in the BOP would cause a "serious deterioration in [his] health or death.").

Barragan-Espino also asserts that his high blood pressure, high cholesterol and diabetes are caused primarily by the poor diet in prison and that it is exacerbated by his obesity. See Record Document 205-1 at 6. However, a review of the presentence report reveals that Barragan-Espino suffered from these issues prior to his imprisonment. In addition, even if the Court were to look beyond this fact, Barragan-Espino provided only four pages of medical records in an attempt to substantiate his claims. This simply does not meet his burden of showing that medical care is not being provided. Barragan-Espino suffers from conditions that are, unfortunately, now commonplace in society and, thus, are not "extraordinary." See United States v. Thompson, 984 F.3d 431, 434 (5th Cir. 2021).

B.      Section 1B1.13(b)(1)(D)—Medical Circumstances.

Prior to the 2023 Sentencing Guideline amendments, claims for compassionate release based on COVID-19 were a highly fact-intensive, totality of the circumstances analysis. See, e.g., United States v. Wright, No. 16-214-04, 2020 WL 1976828, at *5 (W.D. La. Apr. 24, 2020) ("A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant."). However, even prior to the amendments, the spread of COVID-19 and the conditions of confinement in jail, alone, were not sufficient grounds to justify a finding of extraordinary and compelling circumstances. See Thompson, 984 F.3d at 435 ("Fear of COVID doesn't automatically entitle a prisoner to release."). In the revised Sentencing Guidelines, the Sentencing Commission incorporated factors courts considered during the COVID-19 pandemic to assess whether a prisoner presented extraordinary and compelling circumstances. The Guidelines now state that extraordinary and compelling circumstances exist based on the prisoner's medical condition(s) if:

6

(i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

(ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

(iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § lB1.13(b)(l)(D).

Barragan-Espino provides no evidence that his medical conditions put him at risk based on the conditions at his current facility nor that any risk could not be mitigated by the BOP. He has failed to meet his burden to meet the criteria of Section 1B1.13(b)(1)(D). He has only made conclusory statements and unsupported assertions regarding the necessary criteria.

While Barragan-Espino does suffer from various medical conditions which may pose some risk of complications from COVID-19, these diagnoses themselves are insufficient to show that extraordinary and compelling medical circumstances exist such that relief is justified. Since the revised Guidelines became effective, other district courts in this circuit have denied compassionate release to defendants with similar medical conditions seeking relief based on the risks associated with COVID-19. See, e.g., United States v. Taylor, No. 17-09-01, 2024 WL 150221, at *3 (E.D. Tex. Jan. 11, 2024) (denying compassionate release to a petitioner with diabetes, hyperlipidemia, obesity, enlarged prostate, GERD, lower back pain, depression, and hypothyroidism based on the revised Guidelines); United States v. Bates, No. 13-66, 2024 WL 3274986, at *3 (E.D. La. July 2, 2024) (denying compassionate release to a petitioner with hypertension, obesity, chronic kidney disease, major depressive disorder, and panic disorder based on the revised Guidelines); United States v. Wilson, No. 00-50050, 2024 WL 4847389, at *3 (W.D. La. Nov. 18, 2024) (denying compassionate release to a petitioner with high blood pressure, diabetes, and high cholesterol based

7

on the revised Guidelines). Barragan-Espino fails to establish that he is subject to an extraordinary and compelling circumstance justifying a reduction of sentence under this provision.

### C.       Section 1B1.13(b)(2)—Age Of The Defendant.

Barragan-Espino also contends he is eligible for relief based on his age.  See Record Document 205-1 at 8. The Sentencing Guidelines provide that a sentence reduction may be warranted based on the defendant's age where: "[t]he defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13(b)(2). Barragan-Espino is at least 65 years old and has served at least 10 years of his sentence.   However, he has not demonstrated that he is "experiencing a serious deterioration in physical or mental health because of the aging process." Id.  Therefore, Barragan-Espino has not established any extraordinary and compelling circumstances justifying a reduction of sentence under this provision.

### D.       Section 1B1.13(b)(3)(C)—Family Circumstances.

Barragan-Espino next argues that his family circumstances provide extraordinary and compelling reasons for release.  Under Section 1B1.13, family circumstances may give rise to extraordinary and compelling reasons for compassionate release, but the Government asserts that Barragan-Espino has not alleged sufficient grounds for compassionate release.  Barragan-Espino contends that the family circumstances provision applies to him because his 93-year-old mother is in need of a caretaker.

Barragan-Espino still bears the burden of showing he is entitled to compassionate release, which he has not done.  Courts consider whether there is a person "other than the defendant [who] is available to serve as a caretaker of a minor or incapacitated [] family member."  United States v. Goldberg, No. 12-180, 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020).  In addition, Barragan-

8

Espino has only stated that his mother is incapacitated and has not provided any documentation or proof of the allegation. For that reason alone, the Court could find that he did not meet his burden of establishing an extraordinary and compelling circumstance. Courts in this circuit have routinely denied compassionate release to defendants seeking to care for ill relatives where the defendant does not produce "verifiable medical documentation" showing the relative needing care is incapacitated. See United States v. McHugh, No. 21-63, 2024 WL 2319814, at *4 (M.D. La. May 22, 2024) (quoting United States v. Barrios, No. 20-18381, 2022 WL 7265985, at *4 (W.D. Tex. Sept. 27, 2022)).

Furthermore, Barragan-Espino has not explained how any other remaining relative is unavailable to care for his mother. In fact, he has admitted that he will not be her caregiver, as he will be deported upon release. He instead suggests that he be released and deported where he can "assist her financially." Record Document 205 at 9. This Court simply cannot find that Barragan-Espino's circumstances qualify as extraordinary and compelling under this provision and these circumstances.

**E.    Section 1B1.13(b)(5)—Other Reasons.**

Section 1B1.13(b)(5) permits a district court to consider "other reasons" a reduction of sentence might be justified where the defendant alleges circumstances that are "similar in gravity" to the defendant's medical condition, age, family circumstances, or abuse. Barragan-Espino seeks relief under this provision citing alleged sentencing disparity,[1] conditions of confinement, rehabilitation, and the lack of a prison disciplinary record.

------

[1] Section 1B1.13(b)(6) provides:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a **gross disparity** between the

First, any claims challenging the legality and duration of Barragan-Espino's sentence "are the province of direct appeal or a [Section] 2255 motion, not a compassionate release motion." United States v. Escajeda, 58 F.4th 184, 187 (5th Cir. 2023).  Barragan-Espino next asserts that his conditions of confinement due to COVID-19 are grounds for compassionate release, in that COVID-19 has resulted in more harsh conditions of confinement.  However, the conditions experienced by Barragan-Espino are not unique to him and are experienced by all prisoners in the custody of the BOP.  Accordingly, these are not the type of extraordinary and compelling reasons contemplated by the statute and this argument fails.  See United States v. Wright, No. 16-214-4, 2020 WL 1976828, at *5 (W.D. La. Apr. 24, 2020) ("The Court stresses that the rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances.  Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person.").

Rehabilitation "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d).  But "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason. . . ." Id.; see also United States v. Grimaldo, No. 08-CR-107, 2022 WL 4126106, at *7 (E.D. Tex. Sept. 9, 2022) ("Although [defendant]'s behavior while incarcerated is commendable, it does not constitute an extraordinary and compelling reason for a sentence reduction."). Because Barragan-Espino fails to demonstrate the existence of other extraordinary

---

sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6) (emphasis added).  Assuming that Barragan-Espino was also attempting to argue this provision applies to him, he would not be eligible for relief.  To qualify, a defendant must show that some change in the law has created a gross disparity between the sentence he received and the sentence he would receive if sentenced today.  Barragan-Espino fails to do so.

and compelling reasons warranting relief, the Court is prohibited from considering rehabilitation alone as a reason to justify compassionate release.

In conclusion, none of the reasons Barragan-Espino advances, considered individually or collectively, are sufficient to constitute extraordinary and compelling circumstances. Under the current Guidelines, the only cognizable circumstance raised by Barragan-Espino is his rehabilitation, but this Court is prohibited from considering rehabilitation alone as a reason to justify compassionate release. Therefore, Section 1B1.13(b)(5) does not provide an avenue for relief.

**III.    Factors Under 18 U.S.C. § 3553(a).**

Even assuming that Barragan-Espino had identified extraordinary and compelling reasons, he is still not entitled to relief under the factors set forth in 18 U.S.C. § 3553(a).  Section 3553(a), which sets forth the factors to consider in imposing sentence, requires the Court to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentencing imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; and (C) to protect the public from further crimes of the defendant. See 18 U.S.C. § 3553(a).

Once again, as in his previous motions, Barragan-Espino has not demonstrated that he qualifies for compassionate release under these guidelines.  First, as previously mentioned, Barragan-Espino was sentenced in this Court for possession with intent to distribute 500 grams or more of methamphetamine and illegal reentry following deportation.  During the traffic stop which led to these charges, officers located eight kilograms of methamphetamine hidden inside compartments of the car.  In addition, these convictions followed a prior conviction for aiding and abetting the illegal entry of aliens.  Notably, Barragan-Espino also escaped from a Federal Prison

Camp after being arrested by the United States Border Patrol.  Barragan-Espino also pled guilty to the possession of marijuana for sale after being detained at a border control checkpoint whereupon seven bundles of marijuana totaling 37 pounds were located inside the spare tire.  He was also arrested in California for assault with a deadly weapon.  In light of these, and other facts contained in the presentence report, to reduce Barragan-Espino's sentence would not reflect the seriousness of the offense, promote respect for the law or afford an adequate deterrence to criminal conduct.  Accordingly, the Section 3553(a) factors weigh against reducing Barragan-Espino's sentence.

## CONCLUSION

Barragan-Espino has not met his burden to show extraordinary and compelling reasons for compassionate release.  In addition, the Section 3553(a) factors clearly weigh against reducing his sentencing.  Accordingly,

**IT IS ORDERED** that Barragan-Espino's current motion for compassionate release is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 27th day of March, 2026.

_Donald E Walter_
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE